IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Baldwin,  Case No. 3:11 CV 2531

                Plaintiff,  MEMORANDUM OPINION
 AND ORDER
   -vs-
 JUDGE JACK ZOUHARY
Michael Brandle, et al.,

                Defendants.

### INTRODUCTION

*Pro se* Plaintiff Christopher Baldwin filed this action under 42 U.S.C. § 1983 against several Toledo Correctional Institution employees: Sergeant Michael Brandle, Warden Keith Smith, Captain Mr. Fullencamp, Major Mr. Parker, Case Manager Ms. Abbet, and Institutional Inspector Ms. Pinski. Plaintiff alleges Defendants refused to make free photocopies of a motion for him, and now seeks monetary damages.

### BACKGROUND

Plaintiff alleges he was attempting to file a motion in a civil rights action in August 2011 (Doc. No. 1 at 4). At that time, he was housed in the segregation area of the prison under protective custody. He contends inmates in this unit have restricted access to the law library (Doc. No. 1 at 4), and he is indigent and cannot afford to pay for photocopies (Doc. No. 1 at 4). Plaintiff sent a letter to his case manager, asking her to make photocopies of a motion he intended to refile (Doc. No. 1 at 4). After the case manager indicated she did not make copies, Plaintiff asked Brandle to do so. Brandle also declined the request, stating if he did this for Plaintiff, he would have to do it for all the inmates in segregation (Doc. No. 1 at 5). Plaintiff alleges Brandle retaliated against him for complaining about the living conditions in segregation (Doc. No. 1 at 5), and filed grievances with

Smith, Parker, Fullenkamp and Pinski. According to Plaintiff, he is including them as Defendants in this action because they did not respond favorably to his grievances (Doc. No. 1 at 5). He asserts claims for denial of access to the courts, retaliation, denial of due process, and violations of the Eighth Amendment.

### STANDARD FOR DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it lacks an arguable basis in law or fact, or if it fails to state a claim upon which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). Moreover, *in forma pauperis* claims may be dismissed *sua sponte* without notice or service of process if the court invokes Section 1915(e) and dismisses the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. While Plaintiff is not required to include detailed factual allegations, he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 129 S. Ct. at 1949. A pleading that offers legal

conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing the complaint, the court must construe the pleading in the light most favorable to the plaintiff. *See Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

### Plaintiff Fails to State a Claim Against Grievance Officers

As an initial matter, Plaintiff has not stated a claim against Smith, Parker, Fullenkamp or Pinski. He admits they are included as Defendants solely because they did not respond favorably to his grievances. Plaintiff cannot establish the liability of these Defendants absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, 1995 WL 559381, *1 (6th Cir. 1995). Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under Section 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

### Defendants Did Not Deny Plaintiff Access to the Courts

Plaintiff claims Abbet and Brandle denied him access to the courts by refusing to make free photocopies. He indicates he is indigent. To state a claim for denial of access to the courts, Plaintiff must allege that particular actions of Defendants prevented him from pursuing, or caused the rejection of, a specific non-frivolous direct appeal, habeas petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove

prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In other words, he must demonstrate "actual injury" by showing his underlying claim was non-frivolous, and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint . . ." *Christopher*, 536 U.S. at 415.

The constitutional right of access to the courts does not entitle prisoners to free access to copy machines. *See, e.g., Bell-Bey, v. Toombs*, 1994 WL 105900, *2 (6th Cir. 1994). Plaintiff must allege Defendants' actions actually prevented him from pursuing or caused the rejection of his underlying action. This, he has not done. While he contends Defendants refused to make copies of a motion for him, nothing in the record demonstrates Plaintiff was prevented from pursuing his underlying case. Absent allegations of "actual injury," Plaintiff does not state a claim for denial of access to the courts.

**Brandle Did Not Retaliate Against Plaintiff**

Similarly, Plaintiff fails to state a claim of retaliation against Brandle. He contends Brandle refused to make copies for him free of charge because he wrote complaints about his living conditions. To state a prima facie case for retaliation, Plaintiff must establish: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff fails to satisfy these criteria.

4

Although "protected conduct" includes a prisoner's First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), Plaintiff must allege facts suggesting an adverse action was taken against him because he filed the grievances. An adverse action is one that is "capable of deterring a person of ordinary firmness" from exercising the constitutional right in question. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002).

Here, Brandle's refusal to make copies for Plaintiff free of charge is not an adverse action. There is nothing in the Complaint suggesting Brandle's duties included copying pleadings for indigent inmates. It appears Plaintiff was merely asking Brandle to do him a favor, one Brandle refused. While the actions of the officer need not be egregious to be considered retaliatory, they must have more than a *de minimus* effect on Plaintiff to be considered a constitutional tort. *Thaddeus-X*, 175 F.3d at 397. Brandle's refusal to make copies when he is not required to do so is not an adverse action.

Even if Plaintiff could demonstrate an "adverse action," no causal connection exists between Brandle's actions and the grievances Plaintiff filed concerning the "unjust living condition in seg[regation]" (Doc. No. 1 at 5). Brandle told Plaintiff, "If I help you I will have to help everyone" (Doc. No. 1 at 5). This allegation suggests Brandle did not want to set a precedent by providing Plaintiff with preferential treatment. There are no allegations in the Complaint, aside from Plaintiff's statement that the action was retaliatory, which suggest Brandle was motivated even in part by Plaintiff's protected conduct. Conclusory allegations of retaliatory motive, unsupported by material facts, are not sufficient to state a claim. *Harbin–Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).

**Defendants Did Not Deny Plaintiff Due Process**

Plaintiff's Due Process claims are also meritless. He asserts Defendants deprived him of a liberty interest and imposed an atypical or significant hardship on him. It is possible Plaintiff is objecting to his placement in protective custody in the segregation unit. It is also possible Plaintiff is suggesting Defendants' refusal to make photocopies for him denied him due process. This Court will address both of these potential claims.

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." The Due Process Clause has a procedural and a substantive component, each imposing different constitutional limitations on government power. Once Plaintiff establishes the existence of a protected liberty or property interest, the procedural due process limitation requires Plaintiff to be given the opportunity to be heard "in a meaningful manner." *See Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir. 1983). It does not require that the government refrain from making a choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. *Howard v. Grinage*, 82 F.3d 1343, 1349 -1353 (6th Cir. 1996). Procedural due process focuses on the process provided rather than on the nature of the right at stake.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process serves as a check on official misconduct which infringes on a fundamental right not otherwise specified in the Bill of Rights, or as a limitation on official misconduct -- which although not infringing on a fundamental right, is so literally "conscience shocking," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349.

6

The first step in both due process inquiries is to determine whether a protected liberty or property interest has been infringed by Defendants. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The Due Process Clause, standing alone, does not provide a liberty or property interest in freedom from government action taken within the sentence imposed. *Sandin*, 515 U.S. at 480.

Generally, unless placement in segregation is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no liberty or property interest will be found. *Sandin*, 515 U.S. at 484. There are no allegations in the Complaint pertaining to the reason for placement in segregation, or the length of confinement in segregation. Absent some factual allegations supporting this claim, Plaintiff has not established a denial of a protected liberty interest.

Plaintiff also has no protected property interest in free photocopies, *see, e.g., Riddle v. Caruso*, 2010 WL 3851960, *5 (W.D. Mich. 2010), and is not entitled to due process because his request for free photocopies is denied. Furthermore, because there is no fundamental right to free photocopies, Plaintiff would have to show Defendants' conduct was "shocking to the conscious" to state a claim for denial of substantive due process. There are no allegations in the Complaint which rise to this level.

**Brandle Did Not Violate Plaintiff's Eighth Amendment Rights**

Plaintiff lastly contends Brandle subjected him to cruel and unusual punishment. The Eight Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102

(1976). "These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Id.* at 103. In *Wilson v. Seiter*, the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment. 501 U.S. 294, 298 (1991).

First, Plaintiff must plead facts which, if true, establish a serious deprivation has occurred. *Id.* Seriousness is measured objectively, in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle*, 429 U.S. at 103). Second, Plaintiff must establish a subjective element: he must demonstrate prison officials acted with a culpable mental state. *Hudson*, 503 U.S. at 9. Routine discomforts of prison life do not suffice. *Id.* Only "deliberate indifference" to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* "Deliberate indifference" is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff has not alleged a sufficiently serious deprivation. The Eighth Amendment is primarily concerned with extreme deprivations or "conditions intolerable for prison confinement." *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). In essence, the Eight Amendment prohibits "barbarous" punishments or the denial of the "minimal civilized measure of life's necessities" such as food, medical care, or sanitation. *Id.* at 346–47. Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Protection is only afforded against conditions of confinement which constitute health threats -- not against those which cause mere discomfort or inconvenience. *Hudson*,

8

503 U.S. at 9–10. While an inconvenience, Defendants' refusal to make photocopies for Plaintiff cannot be characterized as a deprivation of a basic need.

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to Section 1915(e). Furthermore, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith. Plaintiff's Motion for Appointment of Counsel (Doc. No. 4) is denied as moot.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

March 15, 2012